UNITED STATES of America, Appellee,

v.

Rafael DIAZ, Defendant–Appellant.

No. 07–4242–cr.

United States Court of Appeals, Second Circuit.

Oct. 2, 2008.

Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Julian J. Moore, Assistant United States Attorney, (Diane Gujarati, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Rafael Diaz appeals from a judgment entered September 26, 2007, in the United States District Court for the Southern District of New York (McMahon, J.), convicting him, after a guilty plea, of possessing a firearm after having been convicted of a felony offense,

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

in violation of 18 U.S.C. § 922(g)(1). Judge McMahon sentenced Diaz to fifteen years' imprisonment, the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), finding that his 1991 and 2001 New York state convictions for third degree attempted criminal sale of a controlled substance were "serious drug offenses" within the meaning of that statute. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

A state drug offense is a "serious drug offense" under the ACCA if it is one "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). At the times of his 1991 and 2001 convictions, attempted criminal sale of a controlled substance in the third degree in New York was punishable by more than ten years' imprisonment. *See United States v. Darden,* 539 F.3d 116, 120 (2d Cir.2008). However, in December 2004, the Legislature amended the drug laws, reducing the statutory maximum sentence for Class C drug felonies to less than ten years. *Id.*

On appeal, Diaz argues that the district court erred in looking to the maximum sentence at the time of the 1991 and 2001 convictions and not the maximum sentence at the time of his 2007 sentencing in holding that his previous drug convictions were "serious drug offenses" under the ACCA. Based on our recent decision in *Darden,* we agree. In *Darden,* we decided this exact issue, concluding that because the ACCA uses the present tense "is prescribed" as opposed to the past tense "was prescribed," "sentencing courts should examine current state law" to determine whether an offense is a "serious drug offense." *Id.* at 121. In its brief in this case (submitted as *Darden* was pending before this Court), the Government conceded that if *Darden* reached this conclusion, "imposi-

tion of the 180–month mandatory minimum here would constitute plain error and resentencing would be warranted." Gov't Br. at 12 n.*.

Accordingly, for the reasons set forth above, the judgment of the district court is VACATED and the case REMANDED for resentencing.